UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

SAGINAW INDUSTRIAL CENTER, INC.,          Case No. 08-21163-dob
                                                                 Chapter 11 Proceeding
        Debtor.                                 Hon. Daniel S. Opperman
_____/

OPINION DENYING WITHOUT PREJUDICE DEBTOR'S MOTION TO ENFORCE
AUTOMATIC STAY AND FOR DAMAGES AGAINST THE CITY OF SAGINAW

On November 14, 2008, the Court conducted a hearing on Debtor's Motion to Enforce Automatic Stay and For Damages Against the City of Saginaw. At the November 14, 2008, hearing, the Court determined that the City of Saginaw did violate the automatic stay and that injunctive relief was appropriate which included a determination that the water lien detailed in the 2008 summer tax bill mailed on July 1, 2008, by the City of Saginaw to the Debtor was improper and that reference to the water lien, as constituting a part of the 2008 summer tax bill, should be excluded. The Court granted other equitable and injunctive relief in regard to the water lien, which the Court reaffirms today. The Court did take under advisement the issue of whether the Debtor, as a corporation, was entitled to actual damages, including costs and attorney fees as allowed under 11 U.S.C. § 362(k)(1). The Court has had an opportunity to review various authorities and is prepared to issue its opinion as to that issue.

The Court begins with 11 U.S.C. § 362(k)(1), which states:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

For purposes of this hearing, the Court concludes that subsection (2) is not applicable.

1

The term "individual" is not defined in the Bankruptcy Code, although the Court did find reference to the definition of "debtor," which is defined in 11 U.S.C. § 101(13) as a "person or municipality concerning which a case under this title has been commenced." A person in turn is defined by 11 U.S.C. § 101(41) as including an "individual, partnership, and corporation, but does not include governmental unit . . . ."

Within 11 U.S.C. § 362, Congress has drawn a distinction in subsection (h)(1) between an individual and a debtor as follows: "In a case in which the debtor is an individual . . . ."

Within the Bankruptcy Code, therefore, Congress has indicated that a debtor may be a person which includes an individual, a partnership, or a corporation. Additionally, Congress, within Section 362 of the Bankruptcy Code, has clearly distinguished a debtor from an individual. The Court could find nothing in the legislative history of Section 362 to conclude that Congress statutorily intended to include a corporation within the rights listed in Section 362(k)(1). Put simply, had Congress wished to include corporations or partnerships within 362(k)(1), then Congress could have easily inserted either the word "person" or the word "debtor" in subsection (k)(1). This is further buttressed by the fact that Congress has made a clear distinction in the same statute two subsections earlier.

The Court does not end its analysis with this statutory construction, however. The Court has reviewed a number of cases across the country and notes that there are some cases that allow debtor corporations to utilize 11 U.S.C. § 362(k), or its predecessor subsection, 362(h). For example, *Budget Service v. Better Homes and Garden, Inc.*, 804 F.2d 289 (4th Cir. 1986), and *In re Mallard Pond Partners,* 113 B.R. 420 (Bankr. W.D. Tenn. 1990), allow recovery of costs and attorney fees to a corporation.

A number of Circuit Courts, however, have held that 11 U.S.C. § 362(k) is available only to natural persons. These cases include decisions from the Second, Ninth and First Circuits, respectively:

*In re Chateaugay Corp.*, 920 F.2d 183 (2nd Cir. 1990); *In re Pace*, 67 F.3d 187 (9th Cir. 1995); and *In re Spookyworld, Inc.*, 346 F.3d 1 (1st Cir. 2003).

An excellent summary of this issue appears in the case of *In re Del-Met Corp.*, 322 B.R.781 (Bankr. M.D. Tenn. 2005), in which Judge Lundin held that a corporate debtor could not recover damages under 11 U.S.C. § 362(h), the predecessor section to the current 362(k) provision. Judge Lundin addressed a potentially disturbing effect of this conclusion, which is that creditors could apparently violate the automatic stay as to corporate debtors without fear of any monetary impact. Judge Lundin observed that the court still had the right under 11 U.S.C. § 105(a) to enforce its orders which includes, but is not limited to, the right to find a party in contempt and assess costs.

The Court's survey of the case law in this area compels the Court to conclude that the Debtor in this case is not entitled to an award of costs and attorney fees under 11 U.S.C. § 362(k)(1). Very good statutory authority exists for this Court to conclude that Congress simply did not intend anyone other than natural persons to enjoy the rights afforded under Section 362(k)(1). Moreover, case law overwhelmingly supports a conclusion that a corporation is not entitled to costs and attorney fees under Section 362(k)(1).

Applying these principles to the instant case, the Court denies the Debtor's request for attorney fees and costs. From the record before the Court today, the Court likewise does not see behavior of the City of Saginaw that warrants further proceedings to determine if the City of Saginaw was in contempt of this Court. As was argued on November 14, 2008, the City of Saginaw had certain statutory requirements imposed by it by the State of Michigan, and the inclusion of the water bill in the 2008 summer tax bill appears to be part of the routine nature of the City of Saginaw's fulfillment of those requirements. Moreover, the Court notes that no harm appears to have occurred to the Debtor in this case. This is especially true since counsel for creditors in this case have been extremely

diligent in enforcing rights of their clients.  No evidence was presented or offered that indicated that any creditor in this case believed that the Debtor owed this water bill as part of the 2008 taxes, so the Court is not convinced that such harm occurred.  The Court, therefore, finds that there is lack of requisite factual foundation to support a finding of contempt by the City of Saginaw with this record. The Court will, however, reserve the right to the Debtor to raise this issue at a later date if additional facts become known to the Debtor.

The Court will issue an appropriate Order.

**Signed on November 25, 2008**

           **/s/ Daniel S. Opperman**
           **Daniel S. Opperman**
           **United States Bankruptcy Judge**